

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

March 06, 2009

SIMONE DEVELOPMENT
COMPANY, L.L.C.
1000 Main Street
New Rochelle NY 10801

**Via Certified Mail**
Return Receipt

BORDEN EAST RIVER REALTY LLC
c/o SIMONE DEVELOPMENT
COMPANY, L.L.C.
1000 Main Street
New Rochelle NY 10801

11/49 REALTY LLC
c/o SIMONE DEVELOPMENT
COMPANY, L.L.C.
1000 Main Street
New Rochelle NY 10801

Subject: ILS 32438; Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; I-09-096

ILS 32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; I-09-97

Dear SIMONE DEVELOPMENT COMPANY, L.L.C.; BORDEN EAST RIVER REALTY LLC; and 11/49 REALTY LLC :

    This office is responsible for the implementation and enforcement of the Interstate Land Sales Full Disclosure Act ("ILSFDA")15 U.S.C. § 1701 et. seq . ILSFDA generally requires developers of residential or recreational use real estate to register their developments with this office. Failure to register when required may be cause for the imposition of severe fines and other penalties. We have information indicating your development may be required to be registered with this office: however, because there are numerous exceptions to the registration requirements, we are requesting that you answer the following questions to help us determine whether or not you should be registered.

HP000001

Please note that condominium developments are covered by ILSFDA and for the purposes of answering the following questions, a condominium unit is considered to be a lot.

1. Have you owned and offered for sale 100 or more lots at any time since April 28, 1969?

2. What is the total number of lots in your subdivision?

3. Are you (or do you represent) the current developer?

4. Beginning with the first lot sale after June 20, 1980, have more than 12 lots been sold in any 12 month period?

5. Is any lot in the subdivision smaller than 20 acres in size?

6. Have any sales been made to buyers who, at the time of sale, resided in a State other than the one where the subdivision is located?

7. Are any lots sold without all utilities extended to the lot at the time of closing?

8. Are there any instances when a free and clear deed is **not** delivered to the purchaser within 180 days after the sales contract is signed?

9. How many lots have been sold to persons who are not professional builders, contractors or surveyors?

10. How many lots have been sold to a government or governmental agency?

11. Have lots been sold without a building on them, or without a contract provision obligating the developer to erect a building for the buyer within 2 years (or less) of the date of sale?

12. Have any lots been sold which were limited to use as single family residences, either by local zoning laws, or by restrictive covenants? (If yes, how many?)

13. Are the mails used to respond to inquiries about the subdivision?

14. Are the mails used to collect payments from purchasers?

List the name of each subdivision or development you are developing or have developed or from which you are currently offering lots for sale, and answer the following questions with regard to each development you list:

1. How many unsold lots are there in the subdivision now?

2. How many unsold lots are owned by the developer?

3. If there are no unsold lots owned by the developer, state how many lots the developer has deeded to purchasers after payment in full.

4. Identify the type of lots being offered. (i.e. residential, mobile home, recreational, campsite, condominium, or other)

5. How many lots had a completed residential structure on them at the time of sale?

6. How many lots were sold to persons or entities engaged in building construction or land sales?

7. How many sales involved the use of a contract obligating the seller to erect a building (or complete a condominium unit) on the lot within two years?

8. State the type of road surface(s) within the subdivision.

9. Are all the roads complete?

10. If all roads are not complete, what is the estimated completion date?

11. What utilities are currently available within the subdivision?

12. Do all available utilities extend to each lot?

13. If all utilities do not extend to each lot, will they be extended by the time of closing?

14. List the names, mailing addresses (both physical and e-mail), and telephone numbers (both voice and fax) of each person, partnership, corporation or entity owning a 10% or greater interest in the subdivision. Include all principals.

15. List the names, locations, and number of lots of any other subdivisions or lot offerings in which a 10% or greater interest is owned by any of the individuals or entities named in reply to item 14, above.

16. State which of the developer's other holdings are contiguous with this subdivision.

17. To what geographic market area is your sales program directed?

18. How many lots have been sold to persons who, at the time of the sale, were not residents of the state in which the subdivision is located?

19. Provide copies of any advertising literature, brochures, or other material developed for the promotion of this subdivision.

20. Describe any promotional materials sent through the mails, whether solicited, or otherwise.

21. Have installment contracts ever been used in your lot sales?

22. If the answer to Question 21, above, is yes, please give the name and address of the person receiving installment payments, if other than the developer.

23. Is the telephone used to answer inquiries about the subdivision?

24. List all newspapers, magazines, radio and television stations used to advertise the subdivision. Give the in-state and out-of-state circulation figures or broadcast ranges for each.

25. Does the development or the developer have an internet website? If yes, please provide the URL.

Furnish a copy of all contracts, agreements, deeds, and notes used in conjunction with the sales program of this subdivision. The following affirmation should be included in your response. It must be signed by an officer of the corporation, or in the case of a non-corporate entity, by an owner or partner with authority to bind the entity. Include the title of the signatory and date the signature.

> **I hereby affirm that** I am the developer of the lots herein described, or will be the developer at the time the lots are offered for sale or lease to the public, or that I am an agent authorized by such developer to respond to this letter of inquiry and that the statements contained herein, together with any documents submitted herewith, are full, true, complete, and correct.

If the affirmation is signed by an agent of the developer, include a written authorization signed by the developer granting authority to act as an agent on behalf of the developer.

As to the One Hunters Point Condominium, please provide a copy of the contract of sale for the Unit sold to Zachary Ferguson-Steger. As to the Hunters View Condominium, please provide a copy of the Offering Plan together with a sample contract of sale.

As to the One Hunters Point Condominium and the Hunters View Condominium, please provide a copy of the executed and recorded Condominium Declaration and By-Laws and Amendments. If the documents are un-recorded, please notate when it is anticipated when the documents will be recorded.

In regards to the common promotional plan for selling the units in the to above referenced condominium projects, please provide copies of all printed marketing materials. If there is a web promotional, please provide a CD of the website information.

Please provide organizational documents, including but not limited to Articles of Organization; Operating Agreement; and Certificate of Good Standing, for Borden East River Realty LLC; Simone Development Company LLC and 11/49 Realty LLC.

Please send your response within 30 days of the date of this letter to:

    Department of Housing and Urban Development
    Office of RESPA and Interstate Land Sales
    451 Seventh Street, SW, Room 9154
    Washington, D.C. 20410

Thank you for your anticipated cooperation.

                      Sincerely,

                      William Thomas
                      Office of RESPA and
                      Interstate Land Sales

HP000005

[PART]MENT OF HOUSING AND URBAN DEVELOPMENT
[OFFICE] OF THE ASSISTANT SECRETARY FOR HOUSING
FEDERAL HOUSING COMMISSIONER
WASHINGTON, D.C. 20410-2000

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



7007 2680 0000 8542 4551

RECEIVED
MAR 12 2009



U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$05.49°
02 1M
0004206824   MAR 06 2009
MAILED FROM ZIP CODE 20598

10801475⊠8 C013