ARCHITECTURE • URBAN PLANNING • ENGINEERING

**Certification of Sponsor's Architect**

March 5, 2009

New York State Department of Law
Investment Protection Bureau
Real Estate Financing Section
120 Broadway, 23rd Floor
New York, New York 10271

      Re:    One Hunters Point Condominium (the "Condominium")
               5-49 Borden Avenue, Long Island City, New York (the "Property")
               CD07-0082

To Whom It May Concern:

        I, Mitchell D. Newman, am an Architect licensed to practice in the State of New York. This firm prepared a report dated January 16, 2007 describing the construction of the Property in connection with an offering for the sale of condominium units (the "Plan") by Borden East River Realty LLC ("Sponsor") which Plan was accepted for filing by the Department of Law on September 11, 2007.

        We understand that this firm is responsible for complying with Article 23-A of the General Business Law and the regulations promulgated by the Department of Law in part 20 of Title 13 NYCRR.

        The Sponsor has advised that the first residential unit closing has taken place prior to the issuance of a permanent certificate of occupancy. Pursuant to the requirements of Section 20.3(t)(12) of Title 13 NYCRR, Sponsor will need to deposit with the escrow agent the sum of $____300,000____, which we estimate to be the amount reasonably needed to complete the outstanding work required to obtain a permanent certificate of occupancy more specifically [attach schedule describing work to be done and cost].

HP000258



We certify that this letter:

1.  Sets forth the required work to be completed to obtain a permanent certificate of occupancy.

2.  Provides potential purchasers and current unit owners an adequate basis upon which to found their judgment concerning the condition of the Property as it will exist upon receipt of the permanent certificate of occupancy;

3.  Does not omit any material facts;

4.  Does not contain any fraud, deception, concealment or suppression;

5.  Does not contain any promise or representation as to the future which is beyond reasonable explanation or unwarranted by existing circumstances; and

6.  Does not contain any representation or statement which is false where we (i) knew the truth; (b) with reasonable effort could have known the truth; (c) made no reasonable effort to ascertain the truth; (d) did not have knowledge concerning the representation or statement made.

We further certify that we are not owned or controlled by and have no beneficial interest in the Sponsor and that our compensation for preparing this letter is not contingent on the Condominium receiving the permanent certificate of occupancy or on the profitability of the Sponsor. This letter is not intended as a guarantee or warranty of the total cost to obtain the permanent certificate of occupancy.

NDG Architect, P.C.

By:   Mitchell D. Newman, A.I.A.
President

Sworn to before me this 5th of March 2009

Elisa Spada
Notary Public

ELISA SPADA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SP6137227
Qualified in Nassau County
My Commission Expires November 21, 2009

HP000259



Date: March 5, 2009

RE:    5-49 Borden Avenue, Long Island City, NY

The following is the schedule of work to be completed for the above referenced project:

| | |
|---|---:|
| • Balcony/Terrace Glass Railings | $20,000 |
| • 9th Floor Terrace Waterproofing | 20,000 |
| • Interior Frame/Doors | 5,000 |
| • Painting | 25,000 |
| • Signage/Directory | 20,000 |
| • Privacy Screens | 10,000 |
| • Lobby | 30,000 |
| • Bathroom Mirrors | 5,000 |
| • Plumbing (Misc.) | 25,000 |
| • HVAC (Start-Up/Balancing/Misc.) | 25,000 |
| • Electrical | 25,000 |
| • Close-Out Paperwork | 41,250 |
| • Canopy | 35,000 |
| • Completion of Builders Pavement Plan & Planting of Street Trees ($78,200 in separate escrow account by Sponsor with DOT/NYC Parks Dept.) | 0 |
| • Miscellaneous | 13,750 |
| **TOTAL** | **$300,000** |



ARCHITECTURE • URBAN PLANNING • ENGINEERING

### Certification of Sponsor's Architect

March 19, 2009

New York State Department of Law
Investment Protection Bureau
Real Estate Financing Section
120 Broadway, 23rd Floor
New York, New York 10271

      Re:    Hunters View Condominium (the "Condominium")
                48-15 11th Street, Long Island City, New York 11101 (the "Property")
                CD07-0240

To Whom It May Concern:

      I, Mitchell D. Newman, am an Architect licensed to practice in the State of New York. This firm prepared a report dated March 15, 2007 describing the construction of the Property in connection with the submission of an offering for the sale of condominium units (the "Plan") by 11/49 Realty LLC ("Sponsor") which Plan was accepted for filing by the Department of Law on September 11, 2007.

      We understand that this firm is responsible for complying with Article 23-A of the General Business Law and the regulations promulgated by the Department of Law in part 20 of Title 13 NYCRR.

      The Sponsor has advised that the first residential unit closing has taken place prior to the issuance of a permanent certificate of occupancy. Pursuant to the requirements of Section 20.3(t)(12) of Title 13 NYCRR, Sponsor will need to deposit with the escrow agent the sum of $ __$110,000__ , which we estimate to be the amount reasonably needed to complete the outstanding work required to obtain a permanent certificate of occupancy more specifically [attach schedule describing work to be done and cost].

210 WEST ROGUES PATH • COLD SPRING HILLS, NY 11743 • TEL: 631.673.3111 • FAX: 631.673.2031
w w w . n d a r c h i t e c t s . c o m

HP000261



We certify that this letter:

1. Sets forth the required work to be completed to obtain a permanent certificate of occupancy.

2. Provides potential purchasers and current unit owners an adequate basis upon which to found their judgment concerning the condition of the Property as it will exist upon receipt of the permanent certificate of occupancy;

3. Does not omit any material facts;
4. Does not contain any fraud, deception, concealment or suppression;

5. Does not contain any promise or representation as to the future which is beyond reasonable explanation or unwarranted by existing circumstances; and

6. Does not contain any representation or statement which is false where we (i) knew the truth; (b) with reasonable effort could have known the truth; (c) made no reasonable effort to ascertain the truth; (d) did not have knowledge concerning the representation or statement made.

We further certify that we are not owned or controlled by and have no beneficial interest in the Sponsor and that our compensation for preparing this letter is not contingent on the Condominium receiving the permanent certificate of occupancy or on the profitability of the Sponsor. This letter is not intended as a guarantee or warranty of the total cost to obtain the permanent certificate of occupancy.

NDG Architect, P.C.

By: _____

Mitchell D. Newman, A.I.A., President

Sworn to before me this 19th
of March 2009

Elisa Spada
Notary Public

ELISA SPADA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SP6137227
Qualified in Nassau County
My Commission Expires November 21, 2009

HP000262



Date: March 19, 2009

RE:    48-15 11th Street, Long Island City, NY

The following is the schedule of work to be completed for the above referenced project:

- Painting Touch-Up                                  5,000
- Signage                                            10,000
- Plumbing (Misc.)                                   10,000
- HVAC (Start-Up/Balancing/Misc.)                    10,000
- Electrical (Misc.)                                 15,000
- Close-Out Paperwork                                30,000
- Canopy                                             20,000
- Completion of Builders Pavement Plan                    0
  & Planting of  Street Trees
  ($48,128 in separate escrow account
  by Sponsor with DOT/NYC Parks Dept.)
- Miscellaneous                                      10,000

                          **TOTAL**     $110,000

HP000263

## Jose Rivera

| | |
|---|---|
| **From:** | Jose Rivera |
| **Sent:** | Thursday, April 23, 2009 4:07 PM |
| **To:** | 'Thomas, William'; 'ledermanb@verizon.net' |
| **Cc:** | 'debrah.A.Reid@hud.gov'; 'Casey.Padzius@hud.gov' |
| **Subject:** | RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; I-09-097 and ILS-32438 and Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; I-09-096; I-09-131 and I-09-133 |

**Attachments:** HUD T C of OHabitability opinion (3).pdf

Good afternoon Ms. Padzius; Ms. Reid; and Mr. Williams:

Pursuant to your request transmitted herewith is a copy of our opinion.

Please note that the original is being sent via Federal Express.

Please let us know if you have any questions.

Thank you.

Best regards,
Jose

[x] cid:image002.jpg@01C91CC7.5F57A9A0

Jose M. Rivera, Esq., Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue
23rd Floor
New York, New York  10001
email: jrivera@dagll.com
(212) 564-9800 Ext. 414 Fax (212) 564-9802

Website:  www.dagll.com

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error,

and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion. Thank you.

---

**From:** Thomas, William [mailto:William.Thomas@hud.gov]
**Sent:** Wednesday, April 22, 2009 3:46 PM
**To:** Jose Rivera; 'ledermanb@verizon.net'
**Subject:** ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; I-09-097 and ILS-32438 and Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; I-09-096; I-09-131 and I-09-133

Bruce H. Lederman, Esquire
Jose M Rivera, Esquire, Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001
(212) 564-9800 Ext. 414
Fax (212) 564-9802
email: jrivera@dagll.com
ledermanb@verizon.net

ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; I-09-097

ILS-32438 and Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; I-09-096; I-09-131 and I-09-133

It was a pleasure to talk to the two of you again.

I appreciate the perspective that you have in representing your client as well as your recognition of the Department's position of addressing the public interest of the American consumer.

You indicated that you may be providing 24 CFR 1710.4(d) evidence of the exemptions at the time of first offering which they believe they are entitled to, However, as we discussed, in the event that your clients' amended response to the complaints involves a decision to address a potential settlement negotiation, please request that the complaints be transitioned to the Office of Finance and Regulatory Compliance Program Compliance Division for negotiation. At that point, I will prepare the detailed Case Summary and transfer the cases to that Division.

Also, since a potential outcome in the negotiation process may involve complete registration of both projects, you should also address the issues regarding the Advisory Opinions requested and paid for. Other than assembly of the materials for review and preparing the additonal paragraphs in the e-mail dated April 20, 2009, to date, no real work has yet to be initiated. I was awaiting your amended request for the Advisory Opinion based on the April 20, 2009 e-mail. If you desire to withdraw your request for both properties, you can do so. If you do, please advise in a separate request letter for each subdivision. Once I receive your formal request, the process can then begin to get the moneys refunded.

Thank you for your and your client's past cooperation and the current willingness to proceed in a spirit

HP000265

8/14/2009

of cooperation for both your client's and the public's interest.

*William J. Thomas*
William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only.  If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information.  Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

HP000266

8/14/2009

# D'AGOSTINO, LEVINE & LANDESMAN, L.L.P.

*Attorneys At Law*
345 Seventh Avenue • 23rd Floor
New York, New York 10001

212-564-9800
Fax 212-564-9802

JOHN D'AGOSTINO
MICHAEL J. LEVINE*
WAYNE R. LANDESMAN*
BETTINA M. MIRAGLIA♦
JOSE M. RIVERA*
GEORGE TZIMOPOULOS•

KELLYANN S. MONAGHAN
JARED B. VAN VLEET
JONATHAN D. GOTTLIEB*
JULIA L. WACHTER
BROOKE N. ESTREN
ERIC R. GARCIA

* ALSO ADMITTED IN NJ
• ALSO ADMITTED IN CT
♦ ALSO ADMITTED IN MA

COUNSEL
BRUCE H. LEDERMAN*

WRITER'S E-MAIL:

jdagostino@dagll.com

April 23, 2009

<u>Via Federal Express (202) 708-0502 x. 3006</u>
Mr. William Thomas
U.S. Department of Housing and Urban Development
Office of RESPA and Interstate Land Sales
451 Seventh Street, SW, Room 9154
Washington, DC 20410

        Re:    ILS 32438 and ILS 32439, Borden East River Realty LLC ("Borden"), 11/49
               Realty LLC ("11/49"), (collectively Borden and 11/49 are referred to as
               the "Developers")and Simone Development Company L.L.C., One
               Hunters Point Condominium ("Hunters Point"); I-09-096; I-09-131: and
               I-09-133, Hunters View Condominium, ("Hunters View") I-09-97
               (collectively the "Projects")

Dear Mr. Thomas:

      As you know we are counsel to Borden and 11/49.

      As requested, this is our opinion regarding whether a residential condominium unit may be legally occupied in the City of New York upon the issuance of a temporary certificate of occupancy ("T C of O") but prior to the issuance of a permanent certificate of occupancy in the referenced Projects.

      In connection with rendering this opinion we have reviewed the T C of O's issued by the New York City Department of Buildings for the Projects. Copies of said T C of O's are annexed herewith as Exhibits A and B. Our opinion is based upon the factual determinations made by NDG Architects, P.C. in its letter Dated April 10, 2009 a copy of which is annexed hereto as Exhibit C. We have made no independent investigation of the truth or accuracy of the factual determinations of NDG Architects, P. C.

G:\Tzimopoulos\Simone\HUD T C of OHabitability opinion (3).doc

Mr. William Thomas
April 23, 2009

Based upon our review of the foregoing and applicable laws of the State and City of New York as of the date of this letter, we can state that a residential condominium unit may be legally occupied and is physically habitable at the Projects upon the issuance by the New York City Department of Buildings of a T C of O for said unit.

This opinion is solely for your use and may not be relied on by anyone other than the U.S. Department of Housing and Urban Development without our express permission.

Very truly yours,

D'AGOSTINO, LEVINE & LANDESMAN, L.L.P.

By: _____
John D'Agostino

EXHIBIT "A"

HP000269



*Certificate of Occupancy*

Page 1 of 2

**CO Number:** 402115661T002

This certifies that the premises described herein conforms substantially to the approved plans and specifications and to the requirements of all applicable laws, rules and regulations for the uses and occupancies specified. No change of use or occupancy shall be made unless a new Certificate of Occupancy is issued. *This document or a copy shall be available for inspection at the building at all reasonable times.*

| A. | | |
|---|---|---|
| Borough: Queens | Block Number: 00034 | Certificate Type: Temporary |
| Address: 5-49 BORDEN AVE | Lot Number(s): 12 | Effective Date: 04/08/2009 |
| Building Identification Number (BIN): 4860183 | Building Type: New | Expiration Date: 06/07/2009 |

*For zoning lot metes & bounds, please see BISWeb.*

**B.**
Construction classification:                   1-C                         (1968 Code)
Building Occupancy Group classification: J2                         (1968 Code)
Multiple Dwelling Law Classification:    HACA

No. of stories:   12               Height in feet:   123               No. of dwelling units:  138

**C.** Fire Protection Equipment:
Standpipe system, Fire alarm system, Sprinkler system

**D.** Type and number of open spaces:
None associated with this filing.

**E.** This Certificate is issued with the following legal limitations:
None

Outstanding requirements for obtaining Final Certificate of Occupancy:
There are 25 outstanding requirements. Please refer to BISWeb for further detail.

Borough Comments:   None

Borough Commissioner

Commissioner

*DOCUMENT CONTINUES ON NEXT PAGE*



**Certificate of Occupancy**

Page 2 of 2

CO Number: **402115661T002**

| | Permissible Use and Occupancy | | | | | |
|---|---|---|---|---|---|---|
|  | All Building Code occupancy group designations are 1968 designations, except RES, COM, or PUB which are 1938 Building Code occupancy group designations. | | | | | |
| Floor From To | Maximum persons permitted | Live load lbs per sq. ft. | Building Code occupancy group | Dwelling or Rooming Units | Zoning use group | Description of use |
| 001 | 8 | OG | B-2 | | 2 | STORAGE REFUSE ROOMS |
| 001 | 14 | OG | D-2 | | 2 | MECHANICAL ROOMS |
| 001 | 12 | OG | J-2 | | 2 | LOBBY, LOUNGE |
| 001 | 8 | OG | F-3 | | 2 | GYM |
| 001 | | OG | J-2 | 1 | 2 | ONE (1) APARTMENT |
| 002 008 | | 40 | J-2 | 13 | 2 | THIRTEEN (13) APARTMENTS ON EACH FLOOR |
| 009 012 | | 40 | J-2 | 10 | 2 | TEN (10) APARTMENTS ON EACH FLOOR |
| ROF | | 100 | J-2 | | 2 | TENANT RECREATION AREA (26 CABANAS) |

END OF SECTION

Borough Commissioner

Commissioner

*END OF DOCUMENT*

402115661/002  4/8/2009 1:41:53 PM



**Buildings**

### *Certificate of Occupancy*

Page 1 of 2

**CO Number:**  **402115661T001**

This certifies that the premises described herein conforms substantially to the approved plans and specifications and to the requirements of all applicable laws, rules and regulations for the uses and occupancies specified. No change of use or occupancy shall be made unless a new Certificate of Occupancy is issued. *This document or a copy shall be available for inspection at the building at all reasonable times.*

**A.**
| | |
|---|---|
| Borough:   Queens | Block Number:   00034 |
| Address:   5-49 BORDEN AVE | Lot Number(s):   12 |
| Building Identification Number (BIN):   4860183 | |
| | Building Type:   New |

Certificate Type:   Temporary
Effective Date:   02/17/2009
Expiration Date:   04/18/2009

*For zoning lot metes & bounds, please see BISWeb.*

**B.**
Construction classification:   1-C   (1968 Code)
Building Occupancy Group classification:   J2   (1968 Code)
Multiple Dwelling Law Classification:   HACA

No. of stories:   12   Height in feet:   123   No. of dwelling units:   138

**C.**
Fire Protection Equipment:
Standpipe system, Fire alarm system, Sprinkler system

**D.**
Type and number of open spaces:
None associated with this filing.

**E.**
This Certificate is issued with the following legal limitations:
None

Outstanding requirements for obtaining Final Certificate of Occupancy:
There are 24 outstanding requirements. Please refer to BISWeb for further detail.

Borough Comments:
THIS TEMP CERTIFICATE OF OCCUPANY IS FOR FLOORS 1-11 AND ROOF ONLY, EXCLUDING THE ENTIRE 12TH FLOOR,

Borough Commissioner

Commissioner

*DOCUMENT CONTINUES ON NEXT PAGE*

HP000272



## *Certificate of Occupancy*

CO Number:     402115661T001

| Permissible Use and Occupancy | | | | | | |
|---|---|---|---|---|---|---|
| All Building Code occupancy group designations are 1968 designations, except RES, COM, or PUB which are 1938 Building Code occupancy group designations. | | | | | | |
| Floor From To | Maximum persons permitted | Live load lbs per sq. ft. | Building Code occupancy group | Dwelling or Rooming Units | Zoning use group | Description of use |
| 001 | 8 | OG | B-2 | | 2 | STORAGE REFUSE ROOMS |
| 001 | 14 | OG | D-2 | | 2 | MECHANICAL ROOMS |
| 001 | 12 | OG | J-2 | | 2 | LOBBY, LOUNGE |
| 001 | 8 | OG | F-3 | | 2 | GYM |
| 001 | | OG | J-2 | 1 | 2 | ONE (1) APARTMENT |
| 001 | | OG | B-2 | | 2 | 25 ACCESSORY PARKING SPACES |
| 002  008 | | 40 | J-2 | 13 | 2 | THIRTEEN (13) APARTMENTS ON EACH FLOOR |
| 009  012 | | 40 | J-2 | 10 | 2 | TEN (10) APARTMENTS ON EACH FLOOR |
| ROF | | 100 | J-2 | | 2 | TENANT RECREATION AREA (26 CABANAS) |

END OF SECTION

Borough Commissioner

Commissioner

END OF DOCUMENT

402115661/001  2/17/2009 9:05:38 AM

HP000273

EXHIBIT "B"

HP000274



**NYC**
**Buildings**

*Certificate of Occupancy*

Page 1 of 3

CO Number:     402437065T001

This certifies that the premises described herein conforms substantially to the approved plans and specifications and to the requirements of all applicable laws, rules and regulations for the uses and occupancies specified. No change of use or occupancy shall be made unless a new Certificate of Occupancy is issued.   *This document or a copy shall be available for inspection at the building at all reasonable times.*

| | |
|---|---|
| **A.** Borough:  Queens | **Block Number:**  00061  **Certificate Type:**  Temporary |
| Address:  48-15 11 STREET | **Lot Number(s):**  80  **Effective Date:**  03/12/2009 |
| Building Identification Number (BIN):  4862699 | **Expiration Date:**  06/10/2009 |
| | **Building Type:**  New |

*For zoning lot metes & bounds, please see BISWeb.*

**B.** Construction classification:  1-D      (1968 Code)

Building Occupancy Group classification: J2      (1968 Code)

Multiple Dwelling Law Classification:    HAEA

No. of stories:  12      Height in feet:  125      No. of dwelling units:  72

**C.** Fire Protection Equipment:
None associated with this filing.

**D.** Type and number of open spaces:
Parking spaces (37), Parking (14403 square feet)

**E.** This Certificate is issued with the following legal limitations:
None

Outstanding requirements for obtaining Final Certificate of Occupancy:
There are 24 outstanding requirements. Please refer to BISWeb for further detail.

Borough Comments:    None

_B_

Borough Commissioner                    Commissioner

*DOCUMENT CONTINUES ON NEXT PAGE*



## Certificate of Occupancy

CO Number:   402437065T001

| Permissible Use and Occupancy | | | | | | |
|---|---|---|---|---|---|---|
| All Building Code occupancy group designations are 1968 designations, except RES, COM, or PUB which are 1938 Building Code occupancy group designations. | | | | | | |
| Floor From To | Maximum persons permitted | Live load lbs per sq. ft. | Building Code occupancy group | Dwelling or Rooming Units | Zoning use group | Description of use |
| CEL | | | J-2 | | 2B | ACCESSORY (22) PARKING SPACES |
| CEL | | | D-2 | | 2B | MECHANICAL ROOM |
| CEL | | OG | B-2 | | 2B | TENANT STORAGE. |
| OSP | | 100 | J-2 | | 2B | OUTSIDE RECREATION AREA |
| 001 | | 40 | J-2 | | 2B | ACCESSORY (15) PARKING SPACES |
| 001 | | 40 | J-2 | | 2B | ACCESSORY EXERCISE ROOM |
| 001 | | 40 | J-2 | | 2B | LOBBY, LOUNGE |
| 002 | | 40 | J-2 | 7 | 2 | (7) CLASS 'A' APARTMENTS |
| 003 | | 40 | J-2 | 7 | 2 | (7) CLASS 'A' APARTMENTS |
| 004 | | 40 | J-2 | 7 | 2 | (7) CLASS 'A' APARTMENTS |
| 005 | | 40 | J-2 | 7 | 2 | (7) CLASS 'A' APARTMENTS |
| 006 | | 40 | J-2 | 7 | 2 | (7) CLASS 'A' APARTMENTS |
| 007 | | 40 | J-2 | 7 | 2 | (7) CLASS 'A' APARTMENTS |

Borough Commissioner

Commissioner

*DOCUMENT CONTINUES ON NEXT PAGE*

HP000276



**NYC**
Buildings

*Certificate of Occupancy*

Page 3 of 3

CO Number:     402437065T001

| Permissible Use and Occupancy | | | | | | |
|---|---|---|---|---|---|---|
| All Building Code occupancy group designations are 1968 designations, except RES, COM, or PUB which are 1938 Building Code occupancy group designations. | | | | | | |
| Floor From To | Maximum persons permitted | Live load lbs per sq. ft. | Building Code occupancy group | Dwelling or Rooming Units | Zoning use group | Description of use |
| 008 | | 40 | J-2 | 6 | 2 | (6) CLASS 'A' APARTMENTS |
| 009 | | 40 | J-2 | 6 | 2 | (6) CLASS A APTS. |
| 010 | | 40 | J-2 | 6 | 2 | (6) CLASS A APTS. |
| 011 | | 40 | J-2 | 6 | 2 | (6) CLASS A APTS. |
| 012 | | 40 | J-2 | 6 | 2 | (6) CLASS A APTS. |
| ROF | 31 | 100 | J-2 | | 2 | TENANT RECREATION SPACE (15 CABANAS) 31 MAX OCCUPANTS. |
| ROF | | | | | | MECHANICAL & ELEVATOR ROOMS |
| END OF SECTION | | | | | | |

Borough Commissioner

*END OF DOCUMENT*

Commissioner

402437065/001  3/12/2009 10:10:37 AM

HP000277

EXHIBIT "C"

HP000278