

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

July 15, 2009

Jose M Rivera, Esquire
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001

Subject: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company, LLC;
ILS # 32439-- Hunters View Condominium and ILS # 32438 -- One Hunters Point Condominium

Dear Jose M. Rivera:

You have requested an Advisory Opinion on behalf of the Developers Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company LLC in accordance with 24 CFR §1710.17. You enclosed with your request the required fee, a comprehensive statement and Developer's affirmation.

The Developers are commonly promoting two subdivisions, both of which are located in Long Island City, Queens County, New York. One Hunters Point Condominium contains 132 residential units, including 26 accessory Roof Terrace Units and 25 accessory Parking Space Units. Hunters View Condominium contains 72 Residential Units, including 15 accessory Roof Terrace Units and 37 accessory Parking Space Units. Between the two condominiums the Developers are offering a total of 204 residential units, 62 accessory parking space units and 41 accessory roof top terrace units. You contend that this offering is exempt under the One Hundred Lot Exemption as set forth at 15 U.S.C. 1702(b)(1) and the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2).

Regarding the residential units, the developer discloses that it sold a total of 98 residential units -- the first seventy-four (74) residential units in One Hunters Point Condominium and the first twenty-four (24) residential units in Hunters View Condominium. The Developer represents that these units were sold under the One Hundred Lot Exemption. The Developer contends that the sales complied with the anti-fraud provisions of 24 CFR § 1710.4(b) and (c) and the contract contained language contractually obligating the developer to complete the building. In addition,

HP000456

you have represented that between the two subdivisions the Developer sold a total of 12 parking space/roof terrace units.

The Developer represents that two other residential units were sold pursuant to various exemptions. One (1) Unit in Hunters View condominium was sold to a person who acquired the Unit for the purpose of engaging in the business of residential, commercial, or industrial resale or leasing purposes pursuant to 15 U.S.C. 1702 (a)(7). The other unit in One Hunters View was sold under the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2). The Developer contends that the Hunters View unit was complete based upon a Temporary Certificate of Occupancy having been issued on February 17, 2009 and renewed as of April 8, 2009, and a sufficient bond having been placed with the New York Department of Law as an assurance for the completion of the items not yet completed at the time of the sale. You have presented a legal opinion from counsel that this unit and all of the residential condominium units for the project can be legally occupied and are physically habitable based upon a Temporary Certificate of Occupancy.

The Developer contends that the remaining 58 Residential Units in One Hunters Point and the remaining Forty-eight (48) Residential Units in Hunters View will be sold under the Improved Lot Exemption.

Under the Improved Lot Exemption, the developer represents that the contracts will contain clauses that obligate the seller to complete the building within two years from the date the purchaser signed the sales contract. The Developer will obtain either a Final or Temporary Occupancy Certificate within two years of the date of the purchasers signing the sales contract. (see above) The contract will not allow for nonperformance by the seller at the seller's discretion. Further, contracts will not directly or indirectly waive the buyer's right to specific performance.

The Declaration creates the 62 parking spaces and the 41 roof top terraces as units separate from the residential unit. You have represented that these units have a separate tax identification number and are taxed separately from the residential units. The purchaser receives fee simple ownership of a parking or roof top terrace unit along with the fee simple ownership of a residential unit. Each of these units have a legal description. Finally, a purchaser can sell these units apart from his residential unit. Also, the parking space units and roof terrace units are listed on the sales contract along with the residential unit. Only a resident owner can purchase a parking or roof terrace unit. While a residential owner can sell one of these units without selling his residential unit, he can sell only to a resident of the condominium. The Developer represents that these units should not be counted as separate units because of the restrictions on their sale, they have no improvements located on them and their use is limited. The Roof Terrace Units, for example can be used only for sunbathing and lounging.

Generally, the Department would not count a limited common element separately from the residential unit, even though the purchaser has an exclusive right of use. In this case, the Declaration creates the parking space units and roof top terraces as separate and distinct units and therefore should be counted along with the residential units for the purpose of the 100 lot exemption. Unless the additional 12 parking spaces/roof terrace units that were sold are exempt, the Department advises that Developer's previous sales were not exempt from the registration requirements of the Act and are rescindable. However, if the garage and roof common areas were completed at the time of the sale of these units, the sales would meet the Improved Lot Exemption.

The Department advises that the offering of the unsold remaining 58 Residential Units in One Hunters Point, Forty-eight (48) Residential Units in Hunters View and the 90 accessory roof top terrace units/parking space units are exempt under the Improved Lot Exemption. The Department's decision is based upon the facts cited in the comprehensive statement, the representations of counsel for the Developer as outlined above, and the affirmation from the Developer. The Improved Lot Exemption is based on the issuance of a current Temporary Certificate of Occupancy and a sufficient amount of bond being held at the Office of the Attorney General, State of New York Department of Law for the unfinished work or a Permanent Certificate of Occupancy being issued by the New York City Department of Buildings.

This opinion does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. §1701 et seq. Willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution.

Any questions should be addressed to Anita Hart on (202)402-2066.

Sincerely,

*Ivy M. Jackson*

Ivy M. Jackson
Director
Office of RESPA and
Interstate Land Sales

**Jose Rivera**

| | |
|---|---|
| **From:** | Thomas, William [William.Thomas@hud.gov] |
| **Sent:** | Wednesday, July 15, 2009 4:44 PM |
| **To:** | 'ledermanb@verizon.net'; Jose Rivera |
| **Subject:** | ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; |
| **Attachments:** | One Hunters Point and Hunters view Advisory Opinion.PDF |

Jose M Rivera, Esquire, Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001
(212) 564-9800 Ext. 414
Fax (212) 564-9802
email: jrivera@dagll.com

Bruce H. Lederman, Esq.
Lederman Abrahams & Lederman, LLP
567 Broadway
Massapequa, NY 11758
Tele: 516 541-8900
Fax: 516 541-9232
516-551-0446
email: ledermanb@verizon.net

### BY WAY OF REPLY, PLEASE CONFIRM RECEIPT OF THIS E-MAIL.

ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium;

ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Please find attached the Advisory Opinion letter for the two Developments. If you have questions regarding the final document, contact Ms Hart 202-402-2066. The original has been mailed by the support staff.

*William J. Thomas*
William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

7/27/2009

HP000460



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

July 15, 2009

Jose M Rivera, Esquire
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001

Subject: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company, LLC;
ILS # 32439-- Hunters View Condominium and ILS # 32438 -- One Hunters Point Condominium

Dear Jose M. Rivera:

You have requested an Advisory Opinion on behalf of the Developers Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company LLC in accordance with 24 CFR §1710.17. You enclosed with your request the required fee, a comprehensive statement and Developer's affirmation.

The Developers are commonly promoting two subdivisions, both of which are located in Long Island City, Queens County, New York. One Hunters Point Condominium contains 132 residential units, including 26 accessory Roof Terrace Units and 25 accessory Parking Space Units. Hunters View Condominium contains 72 Residential Units, including 15 accessory Roof Terrace Units and 37 accessory Parking Space Units. Between the two condominiums the Developers are offering a total of 204 residential units, 62 accessory parking space units and 41 accessory roof top terrace units. You contend that this offering is exempt under the One Hundred Lot Exemption as set forth at 15 U.S.C. 1702(b)(1) and the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2).

Regarding the residential units, the developer discloses that it sold a total of 98 residential units -- the first seventy-four (74) residential units in One Hunters Point Condominium and the first twenty-four (24) residential units in Hunters View Condominium. The Developer represents that these units were sold under the One Hundred Lot Exemption. The Developer contends that the sales complied with the anti-fraud provisions of 24 CFR § 1710.4(b) and (c) and the contract contained language contractually obligating the developer to complete the building. In addition,

you have represented that between the two subdivisions the Developer sold a total of 12 parking space/roof terrace units.

The Developer represents that two other residential units were sold pursuant to various exemptions. One (1) Unit in Hunters View condominium was sold to a person who acquired the Unit for the purpose of engaging in the business of residential, commercial, or industrial resale or leasing purposes pursuant to 15 U.S.C. 1702 (a)(7). The other unit in One Hunters View was sold under the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2). The Developer contends that the Hunters View unit was complete based upon a Temporary Certificate of Occupancy having been issued on February 17, 2009 and renewed as of April 8, 2009, and a sufficient bond having been placed with the New York Department of Law as an assurance for the completion of the items not yet completed at the time of the sale. You have presented a legal opinion from counsel that this unit and all of the residential condominium units for the project can be legally occupied and are physically habitable based upon a Temporary Certificate of Occupancy.

The Developer contends that the remaining 58 Residential Units in One Hunters Point and the remaining Forty-eight (48) Residential Units in Hunters View will be sold under the Improved Lot Exemption.

Under the Improved Lot Exemption, the developer represents that the contracts will contain clauses that obligate the seller to complete the building within two years from the date the purchaser signed the sales contract. The Developer will obtain either a Final or Temporary Occupancy Certificate within two years of the date of the purchasers signing the sales contract. (see above) The contract will not allow for nonperformance by the seller at the seller's discretion. Further, contracts will not directly or indirectly waive the buyer's right to specific performance.

The Declaration creates the 62 parking spaces and the 41 roof top terraces as units separate from the residential unit. You have represented that these units have a separate tax identification number and are taxed separately from the residential units. The purchaser receives fee simple ownership of a parking or roof top terrace unit along with the fee simple ownership of a residential unit. Each of these units have a legal description. Finally, a purchaser can sell these units apart from his residential unit. Also, the parking space units and roof terrace units are listed on the sales contract along with the residential unit. Only a resident owner can purchase a parking or roof terrace unit. While a residential owner can sell one of these units without selling his residential unit, he can sell only to a resident of the condominium. The Developer represents that these units should not be counted as separate units because of the restrictions on their sale, they have no improvements located on them and their use is limited. The Roof Terrace Units, for example can be used only for sunbathing and lounging.

Generally, the Department would not count a limited common element separately from the residential unit, even though the purchaser has an exclusive right of use. In this case, the Declaration creates the parking space units and roof top terraces as separate and distinct units and therefore should be counted along with the residential units for the purpose of the 100 lot exemption. Unless the additional 12 parking spaces/roof terrace units that were sold are exempt, the Department advises that Developer's previous sales were not exempt from the registration requirements of the Act and are rescindable. However, if the garage and roof common areas were completed at the time of the sale of these units, the sales would meet the Improved Lot Exemption.

The Department advises that the offering of the unsold remaining 58 Residential Units in One Hunters Point, Forty-eight (48) Residential Units in Hunters View and the 90 accessory roof top terrace units/parking space units are exempt under the Improved Lot Exemption. The Department's decision is based upon the facts cited in the comprehensive statement, the representations of counsel for the Developer as outlined above, and the affirmation from the Developer. The Improved Lot Exemption is based on the issuance of a current Temporary Certificate of Occupancy and a sufficient amount of bond being held at the Office of the Attorney General, State of New York Department of Law for the unfinished work or a Permanent Certificate of Occupancy being issued by the New York City Department of Buildings.

This opinion does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. §1701 et seq. Willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution.

Any questions should be addressed to Anita Hart on (202)402-2066.

Sincerely,

*Ivy M Jackson*

Ivy M. Jackson
Director
Office of RESPA and
Interstate Land Sales

## Jose Rivera

**From:** Jose Rivera
**Sent:** Thursday, July 16, 2009 10:08 AM
**To:** 'Thomas, William'
**Subject:** RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Good morning Bill.

Thank you.

We are reviewing it.

If we have any questions regarding clarifications who should we contact?

Thanks again.

    Best regards,
    Jose

[x] cid:image002.jpg@01C91CC7.5F57A9A0

Jose M. Rivera, Esq., Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue
23rd Floor
New York, New York 10001
email: jrivera@dagll.com
(212) 564-9800 Ext. 414 Fax (212) 564-9802

Website: www.dagll.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion. Thank you.

**From:** Thomas, William [mailto:William.Thomas@hud.gov]
**Sent:** Wednesday, July 15, 2009 4:44 PM
**To:** 'ledermanb@verizon.net'; Jose Rivera
**Subject:** ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Jose M Rivera, Esquire, Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001
(212) 564-9800 Ext. 414
Fax (212) 564-9802
email: jrivera@dagll.com

Bruce H. Lederman, Esq.
Lederman Abrahams & Lederman, LLP
567 Broadway
Massapequa, NY 11758
Tele: 516 541-8900
Fax: 516 541-9232
516-551-0446
email: ledermanb@verizon.net

### BY WAY OF REPLY, PLEASE CONFIRM RECEIPT OF THIS E-MAIL.

ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium;

ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Please find attached the Advisory Opinion letter for the two Developments. If you have questions regarding the final document, contact Ms Hart 202-402-2066. The original has been mailed by the support staff.

*William J. Thomas*

William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail*

8/13/2009

HP000465

*system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

## Jose Rivera

**From:** Thomas, William [William.Thomas@hud.gov]
**Sent:** Thursday, July 16, 2009 10:07 AM
**To:** Jose Rivera
**Subject:** RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

As the letter indicates, please call Ms. Hart.

*William J. Thomas*

William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

**From:** Jose Rivera [mailto:jrivera@dagll.com]
**Sent:** Thursday, July 16, 2009 10:08 AM
**To:** Thomas, William
**Subject:** RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Good morning Bill.

Thank you.

We are reviewing it.

If we have any questions regarding clarifications who should we contact?

Thanks again.

    Best regards,
    Jose

HP000467

7/27/2009

[x] cid:image002.jpg@01C91CC7.5F57A9A0

Jose M. Rivera, Esq., Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue
23rd Floor
New York, New York  10001
email: jrivera@dagll.com
(212) 564-9800 Ext. 414 Fax (212) 564-9802

Website:  www.dagll.com

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion.  Thank you.

---

**From:** Thomas, William [mailto:William.Thomas@hud.gov]
**Sent:** Wednesday, July 15, 2009 4:44 PM
**To:** 'ledermanb@verizon.net'; Jose Rivera
**Subject:** ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Jose M Rivera, Esquire, Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001
(212) 564-9800 Ext. 414
Fax (212) 564-9802
email: jrivera@dagll.com

Bruce H. Lederman, Esq.
Lederman Abrahams & Lederman, LLP

HP000468

7/27/2009

567 Broadway
Massapequa, NY 11758
Tele: 516 541-8900
Fax: 516 541-9232
516-551-0446
email: ledermanb@verizon.net

**BY WAY OF REPLY, PLEASE CONFIRM RECEIPT OF THIS E-MAIL.**

ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium;

ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Please find attached the Advisory Opinion letter for the two Developments. If you have questions regarding the final document, contact Ms Hart 202-402-2066. The original has been mailed by the support staff.

*William J. Thomas*
William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

HP000469

7/27/2009