

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

July 17, 2009

Jose M Rivera, Esquire
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001

Subject: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company, LLC; ILS # 32439-- Hunters View Condominium and ILS # 32438 -- One Hunters Point Condominium

Dear Jose M. Rivera:

You have requested an Advisory Opinion on behalf of the Developer: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company LLC in accordance with 24 CFR §1710.17. You enclosed with your request the required fee, a comprehensive statement and the Developer's affirmation.

You represent that the Developer is commonly promoting two subdivisions, both of which are located in Long Island City, Queens County, New York. One Hunters Point Condominium contains 132 residential units, including 26 accessory Roof Terrace Units and 25 accessory Parking Space Units. Hunters View Condominium contains 72 Residential Units, including 15 accessory Roof Terrace Units and 37 accessory Parking Space Units. Between the two condominiums the Developer is offering a total of 204 residential units, including 62 accessory parking space units and 41 accessory roof top terrace units. You contend that this offering is exempt under the One Hundred Lot Exemption as set forth at 15 U.S.C. 1702(b)(1) and the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2).

You represent that the developer sold a total of 98 residential units (the first seventy-four (74) residential units in One Hunters Point Condominium and the first

twenty-four (24) residential units in Hunters View Condominium). You state that the Developer sold these units under the One Hundred Lot Exemption. You allege that the sales complied with the anti-fraud provisions of 24 CFR § 1710.4(b) and (c) including a clause which contractually obligated the developer to complete the building.

You state that the Developer sold two other residential units pursuant to exemptions. One (1) Unit in Hunters View condominium was sold to a person who acquired the Unit for the purpose of engaging in the business of residential, commercial, or industrial resale or leasing purposes pursuant to 15 U.S.C. 1702 (a)(7). The other unit in One Hunters View was sold under the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2). You contend that the Hunters View unit was complete based upon a Temporary Certificate of Occupancy having been issued on February 17, 2009 and renewed as of April 8, 2009, and a sufficient bond having been placed with the New York Department of Law as an assurance for the completion of the items that were not completed at the time of the sale. You have presented a legal opinion from counsel that a Temporary Certificate of Occupancy is issued when all units can be legally occupied and are physically habitable.

You contend that the Developer will sell the remaining 58 Residential Units in One Hunters Point and the remaining Forty-eight (48) Residential Units in Hunters View under the Improved Lot Exemption. You represent that the developer will either offer completed units or, if not complete, the sales contracts will contain clauses that obligate the seller to complete the building within two years from the date the purchaser signs the sales contract. Further, the Developer represents that it will obtain either a Final or Temporary Occupancy Certificate within two years of the date the purchaser signs the sales contract. (see above) The contract will not allow for nonperformance by the seller at the seller's discretion. Finally, contracts will not directly or indirectly waive the buyer's right to specific performance.

Based on the facts cited in the comprehensive statement, the representations of counsel for the Developer as outlined above, and the affirmation from the Developer, the Department finds that the sale of the first 98 residential units were exempt under the 100 Lot Exemption and the remaining 58 Residential Units in One Hunters Point and Forty-eight (48) Residential Units in Hunters View will be exempt under the Improved Lot Exemption.

This opinion does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. §1701 et seq. Willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution.

Any questions should be addressed to Anita Hart on (202)402-2066.

Sincerely,

*Ivy M. Jackson*

Ivy M. Jackson
Director
Office of RESPA and
  Interstate Land Sales



U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
$00.44°
JUL 20 2009
PITNEY BOWES
02 1M
0004206824
MAILED FROM ZIP CODE 20398

Jose M Rivera, Esquire
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OFFICE OF THE ASSISTANT SECRETARY FOR HOUSING
FEDERAL HOUSING COMMISSIONER
WASHINGTON, D.C. 20410-8000

OFFICIAL BUSINESS



EQUAL HOUSING OPPORTUNITY
E-11A

HP000473

## Jose Rivera

| | |
|---|---|
| **From:** | Thomas, William [William.Thomas@hud.gov] |
| **Sent:** | Thursday, July 23, 2009 3:09 PM |
| **To:** | Jose Rivera; 'ledermanb@verizon.net' |
| **Cc:** | Hart, Anita L |
| **Subject:** | ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; |
| **Attachments:** | Corrected One Hunters Point 7-17-09.PDF |

Jose & Bruce:

Here is the corrected document processed by Ms Hart.

You may in fact have received the original that was sent out by support staff.

Best regards,

*William J. Thomas*

William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

7/27/2009

HP000474



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

July 17, 2009

Jose M Rivera, Esquire
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001

Subject: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company, LLC; ILS # 32439-- Hunters View Condominium and ILS # 32438 -- One Hunters Point Condominium

Dear Jose M. Rivera:

You have requested an Advisory Opinion on behalf of the Developer: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company LLC in accordance with 24 CFR §1710.17. You enclosed with your request the required fee, a comprehensive statement and the Developer's affirmation.

You represent that the Developer is commonly promoting two subdivisions, both of which are located in Long Island City, Queens County, New York. One Hunters Point Condominium contains 132 residential units, including 26 accessory Roof Terrace Units and 25 accessory Parking Space Units. Hunters View Condominium contains 72 Residential Units, including 15 accessory Roof Terrace Units and 37 accessory Parking Space Units. Between the two condominiums the Developer is offering a total of 204 residential units, including 62 accessory parking space units and 41 accessory roof top terrace units. You contend that this offering is exempt under the One Hundred Lot Exemption as set forth at 15 U.S.C. 1702(b)(1) and the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2).

You represent that the developer sold a total of 98 residential units (the first seventy-four (74) residential units in One Hunters Point Condominium and the first twenty-four (24) residential units in Hunters View Condominium). You state that the Developer sold these units under the One Hundred Lot Exemption. You allege that the sales complied with the anti-fraud provisions of 24 CFR § 1710.4(b) and (c) including a clause which contractually obligated the developer to complete the building.

HP000475

You state that the Developer sold two other residential units pursuant to exemptions. One (1) Unit in Hunters View condominium was sold to a person who acquired the Unit for the purpose of engaging in the business of residential, commercial, or industrial resale or leasing purposes pursuant to 15 U.S.C. 1702 (a)(7). The other unit in One Hunters View was sold under the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2). You contend that the Hunters View unit was complete based upon a Temporary Certificate of Occupancy having been issued on February 17, 2009 and renewed as of April 8, 2009, and a sufficient bond having been placed with the New York Department of Law as an assurance for the completion of the items that were not completed
at the time of the sale. You have presented a legal opinion from counsel that a Temporary Certificate of Occupancy is issued when all units can be legally occupied and are physically habitable.

You contend that the Developer will sell the remaining 58 Residential Units in One Hunters Point and the remaining Forty-eight (48) Residential Units in Hunters View under the Improved Lot Exemption. You represent that the developer will either offer completed units or, if not complete, the sales contracts will contain clauses that obligate the seller to complete the building within two years from the date the purchaser signs the sales contract. Further, the Developer represents that it will obtain either a Final or Temporary Occupancy Certificate within two years of the date the purchaser signs the sales contract. (see above) The contract will not allow for nonperformance by the seller at the seller's discretion. Finally, contracts will not directly or indirectly waive the buyer's right to specific performance.

Based on the facts cited in the comprehensive statement, the representations of counsel for the Developer as outlined above, and the affirmation from the Developer, the Department finds that the sale of the first 98 residential units were exempt under the 100 Lot Exemption and the remaining 58 Residential Units in One Hunters Point and Forty-eight (48) Residential Units in Hunters View will be exempt under the Improved Lot Exemption.

This opinion does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. §1701 et seq. Willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution. Any questions should be addressed to Anita Hart on (202)402-2066.

Sincerely,

*Ivy M Jackson*

Ivy M. Jackson
Director
Office of RESPA and
Interstate Land Sales