## D'AGOSTINO, LEVINE & LANDESMAN, L.L.P.
*Attorneys At Law*
345 Seventh Avenue • 23rd Floor
New York, New York 10001

212-564-9800
Fax 212-564-9802

JOHN D'AGOSTINO
MICHAEL J. LEVINE*
WAYNE R. LANDESMAN*
BETTINA M. MIRAGLIA♦
JOSE M. RIVERA*
GEORGE TZIMOPOULOS•

KELLYANN S. MONAGHAN
JARED B. VAN VLEET
JONATHAN D. GOTTLIEB*
JULIA L. WACHTER
BROOKE N. ESTREN
ERIC R. GARCIA

* ALSO ADMITTED IN NJ
• ALSO ADMITTED IN CT
♦ ALSO ADMITTED IN MA

COUNSEL
BRUCE H. LEDERMAN*

WRITER'S E-MAIL:

blederman@dagll.com

July 27, 2009

**Via email lweiner@wilentz.com**
**Federal Express (732) 855-6026**
Lawrence C. Weiner, Esq.
Wilentz, Goldman & Spitzer P.C.
90 Woodbridge Center
Suite 900, Box 10
Woodbridge, NJ 07095-0958

    Re:    Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company, LLC; ILS # 32439 – Hunters View Condominium and ILS # 32438 – One Hunters Point Condominium

Dear Mr. Weiner:

Enclosed is an advisory opinion letter from HUD, dated July 17, 2009, specifically analyzing and addressing the ILSA exemption issues presented in the case of the Hunters Point and Hunters View Condominiums.

We believe that the enclosed definitively addresses the issues.

We are writing to offer your clients one final opportunity to close, and avoid the forfeiture of their downpayments as a result of defaults.

G:\D'Agostino\Simone Development\weiner.7.27.09.doc

HP000482

Lawrence C. Weiner, Esq.
July 27, 2009
Page 2

      Please advise us of your respective clients' position within seven (7) days. We reserve the right to take all appropriate actions on behalf of our clients.

                                                      Very truly yours,

                                                    Bruce H. Lederman

BL:jb

    encl.

G:\D'Agostino\Simone Development\weiner.7.27.09.doc



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

July 17, 2009

Jose M Rivera, Esquire
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue, 23rd Floor
New York NY 10001

Subject: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company, LLC; ILS # 32439-- Hunters View Condominium and ILS # 32438 -- One Hunters Point Condominium

Dear Jose M. Rivera:

    You have requested an Advisory Opinion on behalf of the Developer: Borden East River Realty LLC, 11/49 Realty LLC and Simone Development Company LLC in accordance with 24 CFR §1710.17. You enclosed with your request the required fee, a comprehensive statement and the Developer's affirmation.

    You represent that the Developer is commonly promoting two subdivisions, both of which are located in Long Island City, Queens County, New York. One Hunters Point Condominium contains 132 residential units, including 26 accessory Roof Terrace Units and 25 accessory Parking Space Units. Hunters View Condominium contains 72 Residential Units, including 15 accessory Roof Terrace Units and 37 accessory Parking Space Units. Between the two condominiums the Developer is offering a total of 204 residential units, including 62 accessory parking space units and 41 accessory roof top terrace units. You contend that this offering is exempt under the One Hundred Lot Exemption as set forth at 15 U.S.C. 1702(b)(1) and the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2).

    You represent that the developer sold a total of 98 residential units (the first seventy-four (74) residential units in One Hunters Point Condominium and the first twenty-four (24) residential units in Hunters View Condominium). You state that the Developer sold these units under the One Hundred Lot Exemption. You allege that the sales complied with the anti-fraud provisions of 24 CFR § 1710.4(b) and (c) including a clause which contractually obligated the developer to complete the building.

HP000484

You state that the Developer sold two other residential units pursuant to exemptions. One (1) Unit in Hunters View condominium was sold to a person who acquired the Unit for the purpose of engaging in the business of residential, commercial, or industrial resale or leasing purposes pursuant to 15 U.S.C. 1702 (a)(7). The other unit in One Hunters View was sold under the Improved Lot Exemption as set forth at 15 U.S.C. 1702(a)(2). You contend that the Hunters View unit was complete based upon a Temporary Certificate of Occupancy having been issued on February 17, 2009 and renewed as of April 8, 2009, and a sufficient bond having been placed with the New York Department of Law as an assurance for the completion of the items that were not completed
at the time of the sale. You have presented a legal opinion from counsel that a Temporary Certificate of Occupancy is issued when all units can be legally occupied and are physically habitable.

You contend that the Developer will sell the remaining 58 Residential Units in One Hunters Point and the remaining Forty-eight (48) Residential Units in Hunters View under the Improved Lot Exemption. You represent that the developer will either offer completed units or, if not complete, the sales contracts will contain clauses that obligate the seller to complete the building within two years from the date the purchaser signs the sales contract. Further, the Developer represents that it will obtain either a Final or Temporary Occupancy Certificate within two years of the date the purchaser signs the sales contract. (see above) The contract will not allow for nonperformance by the seller at the seller's discretion. Finally, contracts will not directly or indirectly waive the buyer's right to specific performance.

Based on the facts cited in the comprehensive statement, the representations of counsel for the Developer as outlined above, and the affirmation from the Developer, the Department finds that the sale of the first 98 residential units were exempt under the 100 Lot Exemption and the remaining 58 Residential Units in One Hunters Point and Forty-eight (48) Residential Units in Hunters View will be exempt under the Improved Lot Exemption.

This opinion does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. §1701 et seq. Willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution. Any questions should be addressed to Anita Hart on (202)402-2066.

Sincerely,

*Ivy M. Jackson*

Ivy M. Jackson
Director
Office of RESPA and
   Interstate Land Sales

## Jose Rivera

| | |
|---|---|
| From: | Jose Rivera |
| Sent: | Tuesday, July 28, 2009 1:24 PM |
| To: | 'William.Thomas@HUD.gov' |
| Subject: | Re: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium; |

Bill

With regard to your office responding to the complaints will you be issuing letters to them or will you be contacting them via telephone?

What will be you offices position as it relates informing the complaints?

Thanks
Best regards,

Jose


Jose M. Rivera, Esq., Partner
D'Agostino Levine & Landesman, LLP
345 Seventh Avenue
23rd Floor
New York, New York  10001
Tel:  (212) 564-9800
Fax: (212) 564-9802
Jrivera@dagll.com. Website www.dagll.com

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion.  Thank you.

----- Original Message -----
From: Thomas, William <William.Thomas@hud.gov>
To: Jose Rivera; 'ledermanb@verizon.net' <ledermanb@verizon.net>
Sent: Thu Jul 23 18:41:53 2009
Subject: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Jose M Rivera, Esquire, Partner

D'Agostino, Levine & Landesman, L.L.P.

345 Seventh Avenue, 23rd Floor

New York NY 10001

1

(212) 564-9800 Ext. 414

Fax (212) 564-9802

email: jrivera@dagll.com


Bruce H. Lederman, Esq.

Lederman Abrahams & Lederman, LLP

567 Broadway

Massapequa, NY  11758

Tele:   516 541-8900

Fax:    516 541-9232

516-551-0446

email: ledermanb@verizon.net


ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;


JOSE WROTE Thursday, July 23, 2009 4:24 PM


Please confirm by return email:


1.   That the corrected One Hunter's Point letter dated 7-17-09 and attached to your email of today supersedes and is a retraction of the advisory opinion issued by your office dated 7-15-09.


2.   When your web HUD site will be updated to indicate that the One Hunters Point and Hunters View projects are exempt from the requirements of ILSA as opposed to the current "pending" status.


RESPONSE


Because of prior discussions, as I had agreed to do, I sent you both by e-mail the copy of the Advisory Opinion prepared by Ms Hart.  If there were any questions, they were to be directed to Ms Hart as the Advisory Opinion indicated.  However, Ms Hart has asked me to respond to your e-mail of this afternoon.


1.      Since the date of the Advisory Opinion  which was sent is subsequent to the July 15, 2009 opinion which Ms Hart previously issued, the July 17, 2009 Advisory Opinion is to be considered the most current Advisory Opinion  on the matter.  I believe that

based on additional information which she received, the Advisory Opinion was re-written by her on July 17, 2009 and sent out by her though the Department's support staff. When I got the Advisory Opinion, I forwarded it to you.

2.      Because of the limitations of the website, the word "Exempt" will show once the Complaint issues are addressed. It is anticipated that the Complaints which have been filed will be addressed in the next week or so.

See the last paragraph in the Advisory Opinion. The paragraph indicates that the opinion which was issued does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. § 1701 et seq. The paragraph also indicates that willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution.

Also note that as to the 100 Lot Exemption, the Developer must comply with the Act and its anti-fraud provisions as set forth in 24 CFR §1710.4 (b) and (c).

See 24 CFR 1710.4(a). The exemptions available under 24 CFR 1710.5 through 24 CFR 1710.16 are not applicable when the method of sale, lease or other disposition of land or an interest in land is adopted for the purpose of evasion of the Act.

Please note, that what was obtained was an Advisory Opinion which was issued pursuant to 24 CFR 1710.17 as opposed to a Regulatory Exemption Order pursuant to 24 CFR 1710.16. Also note, that the term "Exempt" deals with the requirements of registration of the developments and to transactions exempt pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. 1701 et seq, (the "Act"). See also 24 CFR 1701.3 for additional information.

Best regards,

William J. Thomas

William J. Thomas, MBA, Certified Paralegal

Consumer Protection Compliance Specialist

Office of RESPA/Interstate Land Sales

Department of Housing and Urban Development

Room 9154

451 7th Street SW

Washington DC 20410

Phone: 202-402-3006

Fax: 202-708-4559

WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have

3

HP000489

received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions or as an unofficial staff interpretation by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.

HP000490

### Jose Rivera

**From:** Thomas, William [William.Thomas@hud.gov]
**Sent:** Thursday, July 30, 2009 11:10 AM
**To:** Jose Rivera
**Subject:** RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

As we discussed this morning, letters will be going out to complaints and to your firm.

Best regards,

*William J. Thomas*

William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

---

**From:** Jose Rivera [mailto:jrivera@dagll.com]
**Sent:** Tuesday, July 28, 2009 1:24 PM
**To:** Thomas, William
**Subject:** Re: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Bill

With regard to your office responding to the complaints will you be issuing letters to them or will you be contacting them via telephone?

What will be you offices position as it relates informing the complaints?

Thanks
Best regards,

8/14/2009

HP000491

Jose

Jose M. Rivera, Esq., Partner
D'Agostino Levine & Landesman, LLP
345 Seventh Avenue
23rd Floor
New York, New York 10001
Tel: (212) 564-9800
Fax: (212) 564-9802
Jrivera@dagll.com. Website www.dagll.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion. Thank you.

----- Original Message -----
From: Thomas, William <William.Thomas@hud.gov>
To: Jose Rivera; 'ledermanb@verizon.net' <ledermanb@verizon.net>
Sent: Thu Jul 23 18:41:53 2009
Subject: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Jose M Rivera, Esquire, Partner

D'Agostino, Levine & Landesman, L.L.P.

345 Seventh Avenue, 23rd Floor

New York NY 10001

(212) 564-9800 Ext. 414

Fax (212) 564-9802

email: jrivera@dagll.com


Bruce H. Lederman, Esq.

Lederman Abrahams & Lederman, LLP

567 Broadway

Massapequa, NY 11758

Tele: 516 541-8900

Fax: 516 541-9232


8/14/2009

HP000492

516-551-0446

email: ledermanb@verizon.net


ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;


JOSE WROTE Thursday, July 23, 2009 4:24 PM


Please confirm by return email:


1. That the corrected One Hunter's Point letter dated 7-17-09 and attached to your email of today supersedes and is a retraction of the advisory opinion issued by your office dated 7-15-09.


2. When your web HUD site will be updated to indicate that the One Hunters Point and Hunters View projects are exempt from the requirements of ILSA as opposed to the current "pending" status.


RESPONSE


Because of prior discussions, as I had agreed to do, I sent you both by e-mail the copy of the Advisory Opinion prepared by Ms Hart. If there were any questions, they were to be directed to Ms Hart as the Advisory Opinion indicated. However, Ms Hart has asked me to respond to your e-mail of this afternoon.


1.   Since the date of the Advisory Opinion which was sent is subsequent to the July 15, 2009 opinion which Ms Hart previously issued, the July 17, 2009 Advisory Opinion is to be considered the most current Advisory Opinion on the matter. I believe that based on additional information which she received, the Advisory Opinion was re-written by her on July 17, 2009 and sent out by her though the Department's support staff. When I got the Advisory Opinion, I forwarded it to you.


2.   Because of the limitations of the website, the word "Exempt" will show once the Complaint issues are addressed. It is anticipated that the Complaints which have been filed will be addressed in the next week or so.

See the last paragraph in the Advisory Opinion. The paragraph indicates that the opinion which was issued does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. § 1701 et seq. The paragraph also indicates that willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution.


Also note that as to the 100 Lot Exemption, the Developer must comply with the Act and its anti-fraud provisions as set forth in 24 CFR §1710.4 (b) and (c).


HP000493

8/14/2009

See 24 CFR 1710.4(a). The exemptions available under 24 CFR 1710.5 through 24 CFR 1710.16 are not applicable when the method of sale, lease or other disposition of land or an interest in land is adopted for the purpose of evasion of the Act.

Please note, that what was obtained was an Advisory Opinion which was issued pursuant to 24 CFR 1710.17 as opposed to a Regulatory Exemption Order pursuant to 24 CFR 1710.16. Also note, that the term "Exempt" deals with the requirements of registration of the developments and to transactions exempt pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. 1701 et seq, (the "Act"). See also 24 CFR 1701.3 for additional information.

Best regards,

William J. Thomas

William J. Thomas, MBA, Certified Paralegal

Consumer Protection Compliance Specialist

Office of RESPA/Interstate Land Sales

Department of Housing and Urban Development

Room 9154

451 7th Street SW

Washington DC 20410

Phone: 202-402-3006

Fax: 202-708-4559

WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions or as an unofficial staff interpretation by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.

## Jose Rivera

**From:** Jose Rivera
**Sent:** Friday, July 31, 2009 10:00 AM
**To:** 'Thomas, William'
**Subject:** RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Thanks Bill.

If our copies could be emailed to us that would be greatly appreciated.

Thanks again and have a nice weekend.

Best regards,
Jose


cid:image002.jpg@01C91CC7.5F57A9A0

Jose M. Rivera, Esq., Partner
D'Agostino, Levine & Landesman, L.L.P.
345 Seventh Avenue
23rd Floor
New York, New York  10001
email: jrivera@dagll.com
(212) 564-9800 Ext. 414  Fax (212) 564-9802

Website: www.dagll.com

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion.  Thank you.

**From:** Thomas, William [mailto:William.Thomas@hud.gov]
**Sent:** Thursday, July 30, 2009 11:10 AM
**To:** Jose Rivera
**Subject:** RE: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

As we discussed this morning, letters will be going out to complaints and to your firm.

Best regards,

*William J. Thomas*

William J. Thomas, MBA, Certified Paralegal
*Consumer Protection Compliance Specialist*
Office of RESPA/Interstate Land Sales
Department of Housing and Urban Development
Room 9154
451 7th Street SW
Washington DC 20410
Phone: 202-402-3006
Fax: 202-708-4559

*WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions **or as an unofficial staff interpretation** by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.*

**From:** Jose Rivera [mailto:jrivera@dagll.com]
**Sent:** Tuesday, July 28, 2009 1:24 PM
**To:** Thomas, William
**Subject:** Re: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Bill

With regard to your office responding to the complaints will you be issuing letters to them or will you be contacting them via telephone?

What will be you offices position as it relates informing the complaints?

Thanks
Best regards,

Jose

8/13/2009

HP000496

Jose M. Rivera, Esq., Partner
D'Agostino Levine & Landesman, LLP
345 Seventh Avenue
23rd Floor
New York, New York  10001
Tel:  (212) 564-9800
Fax: (212) 564-9802
Jrivera@dagll.com. Website www.dagll.com

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named herein. The message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message from your system and thereafter confirm its deletion.  Thank you.

----- Original Message -----
From: Thomas, William <William.Thomas@hud.gov>
To: Jose Rivera; 'ledermanb@verizon.net' <ledermanb@verizon.net>
Sent: Thu Jul 23 18:41:53 2009
Subject: ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

Jose M Rivera, Esquire, Partner

D'Agostino, Levine & Landesman, L.L.P.

345 Seventh Avenue, 23rd Floor

New York NY 10001

(212) 564-9800 Ext. 414

Fax (212) 564-9802

email: jrivera@dagll.com


Bruce H. Lederman, Esq.

Lederman Abrahams & Lederman, LLP

567 Broadway

Massapequa, NY  11758

Tele:  516 541-8900

Fax:  516 541-9232

516-551-0446

email: ledermanb@verizon.net

8/13/2009

HP000497

ILS-32439; 11/49 Realty LLC and Simone Development Company LLC; Hunters View Condominium; ILS-32438 Borden East River Realty LLC and Simone Development Company LLC; One Hunters Point Condominium;

JOSE WROTE Thursday, July 23, 2009 4:24 PM

Please confirm by return email:

1. That the corrected One Hunter's Point letter dated 7-17-09 and attached to your email of today supersedes and is a retraction of the advisory opinion issued by your office dated 7-15-09.

2. When your web HUD site will be updated to indicate that the One Hunters Point and Hunters View projects are exempt from the requirements of ILSA as opposed to the current "pending" status.

RESPONSE

Because of prior discussions, as I had agreed to do, I sent you both by e-mail the copy of the Advisory Opinion prepared by Ms Hart. If there were any questions, they were to be directed to Ms Hart as the Advisory Opinion indicated. However, Ms Hart has asked me to respond to your e-mail of this afternoon.

1.   Since the date of the Advisory Opinion which was sent is subsequent to the July 15, 2009 opinion which Ms Hart previously issued, the July 17, 2009 Advisory Opinion is to be considered the most current Advisory Opinion on the matter. I believe that based on additional information which she received, the Advisory Opinion was re-written by her on July 17, 2009 and sent out by her though the Department's support staff. When I got the Advisory Opinion, I forwarded it to you.

2.   Because of the limitations of the website, the word "Exempt" will show once the Complaint issues are addressed. It is anticipated that the Complaints which have been filed will be addressed in the next week or so.

See the last paragraph in the Advisory Opinion. The paragraph indicates that the opinion which was issued does not apply to any method or operation not fully disclosed by the Developer and does not waive any requirements of 15 U.S.C. § 1701 et seq. The paragraph also indicates that willful violation of the Interstate Land Sales Full Disclosure Act may result in civil money penalties and or criminal prosecution.

Also note that as to the 100 Lot Exemption, the Developer must comply with the Act and its anti-fraud provisions as set forth in 24 CFR §1710.4 (b) and (c).

See 24 CFR 1710.4(a). The exemptions available under 24 CFR 1710.5 through 24 CFR 1710.16 are not applicable when the method of sale, lease or other disposition of land or an interest in land is adopted for the purpose of evasion of the Act.

8/13/2009

HP000498

Please note, that what was obtained was an Advisory Opinion which was issued pursuant to 24 CFR 1710.17 as opposed to a Regulatory Exemption Order pursuant to 24 CFR 1710.16. Also note, that the term "Exempt" deals with the requirements of registration of the developments and to transactions exempt pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. 1701 et seq, (the "Act"). See also 24 CFR 1701.3 for additional information.

Best regards,

William J. Thomas

William J. Thomas, MBA, Certified Paralegal

Consumer Protection Compliance Specialist

Office of RESPA/Interstate Land Sales

Department of Housing and Urban Development

Room 9154

451 7th Street SW

Washington DC 20410

Phone: 202-402-3006

Fax: 202-708-4559

WARNING: Any reply e-mail to this message will be sent through a United States Government e-mail system. No expectation of privacy should be expected of information transmitted through this system. This message is intended for designated recipients only. If you have received this message in error, please delete the original and all copies and notify the sender immediately as to any errors in delivery. Federal law prohibits the disclosure or other use of this information. Please note that any information contained herein is to be considered as advice of a general nature as to the preparation of a filing and/or as a response to an informal inquiry or request for information or as a response to informal discussions or as an unofficial staff interpretation by the Office of RESPA/Interstate Land Sales staff pursuant to 24 CFR §1720-35 and is not deemed to be a formal advisory opinion as described under 24 CFR §1710-17 and does not provide any additional protection as that which may be afforded if an official advisory opinion was obtained.